## MORE-JONAS GLASS COMPANY v. WEST JERSEY AND SEASHORE RAILROAD COMPANY.

Argued November 12, 1907—Decided February 24, 1908.

Where a new trial has been granted to a defendant in an action for damages, on the ground of newly discovered evidence which bears solely upon the question of liability, the plaintiff cannot try out the question of the *quantum* of damages before the second jury, and then reject their finding upon that question in case the amount assessed by them in his favor is less than that assessed by the first jury.

On motion to disregard verdict rendered upon a second trial and enter judgment on the earlier verdict.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and SWAYZE.

For the motion, *Walter H. Bacon.*

Contra, *George A. Bourgeois.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff in this cause, at a trial had in December, 1905, obtained a verdict against the defendant for $95,425, for damages done to its prop-

erty by fire alleged to have been caused by sparks escaping from one of the defendant's locomotive engines. A rule to show cause why this verdict should not be set aside and a new trial directed was allowed, and, after full hearing, was discharged. Subsequently, on an allegation of newly-discovered evidence, a second rule to show cause was allowed, and it appearing, when this second rule came on to be heard, that the newly-discovered evidence was that of a man named Pharo, who swore that he had set fire to the plaintiff's property, it was ordered "that said rule to show cause be and is hereby made absolute, and that a *venire de novo* be awarded." In pursuance of this mandate a new trial was had, at which Pharo, the newly-discovered witness, refused to testify, on the ground that the evidence sought to be adduced from him would incriminate him. The result of the trial was a second verdict in favor of the plaintiff. The amount of damages awarded, however, was considerably less than that established by the first verdict, being $74,105.

Application is now made on behalf of the plaintiff for the vacation of the rule directing the new trial, and of all proceedings resting upon it, and for leave to enter judgment upon the first verdict. The ground of the application is that, as the only matter to which the newly-discovered testimony related was that of liability, it was unfair to the plaintiff to leave the question of the *quantum* of damages open to the consideration of a second jury. Without conceding the soundness of this criticism upon the rule, it is enough to say, for the purpose of disposing of the present application, that the objection to its scope comes too late. It may be that in a proper case the court should, in the exercise of its discretion, require a party applying for a new trial to accept, as a condition of its allowance, the finding of the first jury upon one or more of the questions litigated in the case, but when the party holding the verdict desires any such condition to be imposed upon his adversary he must make known his desire to the court, and have the issues to be submitted to the second jury settled before entering upon the new trial. Nothing could be more unfair than to permit him to speculate on the

chance of obtaining a larger verdict on the second trial, and to enforce it if successful, and at the same time allow him to hold on to his first verdict and repudiate the second in case it should be for a less amount. In the present case the plaintiff on the second trial disregarded the amount of damages as fixed by the first jury, and claimed to be entitled to recover over $116,000, exclusive of interest. Having elected to take this course, its only remedy, if the second verdict was inadequate, is to move to set it aside and stand the hazard of a third trial in case such motion should prevail.

The present application will be denied.